Aponte Jiménez, Juez Ponente
*692 TEXTO COMPLETO DE LA RESOLUCION
Ante nuestra consideración se elevó el expediente JAC-95-0589 proveniente del Tribunal de Primera Instancia, Sala Superior de Ponce. Este versa sobre un recurso de "Revisión Judicial". En el mismo se impugna la determinación del Municipio Autónomo de Ponce de cancelar y terminar la participación del Sr. José Luis Alicea De Jesús en el programa de vivienda subsidiada establecido en el Housing and Urban Development Act de 1937. Por los fundamentos que a continuación discutimos, acordamos devolver el expediente al tribunal de origen por ser ese el foro con competencia para atender el recurso presentado.
Como antes dicho, el Tribunal de Primera Instancia nos refirió el recurso de marras acompañado de comunicación escrita de la Jueza Administradora Regional, dirigida a la Jueza Administradora de este Foro, Hon. Liana Fiol Matta.
Según dicha comunicación, se nos remite el expediente en virtud de las disposiciones de la Ley de la Judicatura de 1994 que trata sobre el trámite de "Revisiones de Agencias Administrativas." La referida comunicación no indica cuál disposición específica de la ley es la que aplica.
Asimismo, los autos carecen de una orden de traslado.
El Art. 9.004(a) de la Ley de la Judicatura de 1994, (4 L.P.R.A. sec 23f), según enmendado por la Ley Núm. 248 de 25 de diciembre de 1995, establece lo siguiente:
"(a) Todo recurso de revisión pendiente ante la consideración del Tribunal Superior sobre decisiones de agencias administrativas, dentro de su jurisdicción apelativa, deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de esta ley; disponiéndose que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal de Circuito de Apelaciones. Todos los recursos referidos al Tribunal Supremo de conformidad con el texto original de este inciso permanecerán en el Tribunal Supremo hasta que sean resueltos finalmente." (Enfasis suplido).
Como se puede observar, esta disposición privó de competencia al Tribunal de Primera Instancia en cuanto a los recursos de revisión de agencias administrativas que estuviesen pendientes de adjudicación luego de transcurridos seis (6) meses desde la aprobación de la citada enmienda.
Nótese, también, que la misma se refiere, en particular, a los recursos de revisión sobre las actuaciones de las agencias administrativas. Siendo ello así, debemos determinar si dicha disposición estatutaria aplica a los casos pendientes ante el Tribunal de Primera Instancia referentes a las determinaciones o actuaciones de los municipios de Puerto Rico. En otras palabras, si para efectos del Art. 9.004, supra, un municipio es una agencia administrativa. Como consecuencia, además, debemos determinar cuál tribunal tiene competencia sobre la revisión judicial de autos.
La Sección 1.3 de la Ley de Procedimiento Administrativo Uniforme (en adelante L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A., sec. 2102a, define una agencia administrativa como cualquier junta, cuerpo, tribunal examinador, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier otra instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley para realizar funciones de reglamentar, investigar, o pueda emitir una decisión, o facultado para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar. La misma, sin embargo, expresamente *693 excluye a los gobiernos municipales o sus entidades o corporaciones. Quiere esto decir que el legislador, conscientemente, excluyó a los municipios de la aplicación de la L.P.A.U., Asoc. de Residentes de Linda Gardens Inc. v. Municipio de Guaynabo, 95 J.T.S. 105, a la pág. 1094 La exclusión de los municipios tuvo el efecto de tratar a éstos de forma distinta a las agencias administrativas.
Por otro lado, el Art. 15.002, inciso (a), de la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A., see. 4702), dispone que el Tribunal Superior entenderá y resolverá, con exclusividad, a instancia de la parte perjudicada, entre otros asuntos: revisar cualquier acto administrativo de cualquier funcionario u organismo municipal. Añade, que este recurso podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto administrativo se realizó.
Al interpretar conjuntamente las aludidas disposiciones de la Ley de la Judicatura, la L.P.A U. y la Ley de Municipios Autónomos, con vista a la jurisprudencia citada, concluimos que el Departamento de Desarrollo Económico y Comunal del Municipio Autónomo de Ponce no es una agencia administrativa. Se trata de una entidad del Municipio. Como tal, no le aplica el Art. 9.004 de la Ley de la Judicatura de 1994, supra, ya que el mismo se refiere a recursos de revisión pendientes sobre decisiones de agencias administrativas. Además, es el Tribunal Superior quien tiene competencia exclusiva para revisar las actuaciones de los gobiernos municipales y sus instrumentalidades. Véase, Asoc. de Residentes de Linda Gardens. Inc. v. Municipio de Guaynabo, supra.
Conforme a lo anterior se ordena remitir al Tribunal de Primera Instancia, Sala Superior de Ponce, el expediente del presente recurso para su pronta adjudicación.
Lo acuerda el tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98DTA11
1. Originalmente, la Ley de la Judicatura de 1994 establecía, en esta misma sección, que los recursos de revisión administrativa con más de seis (6) meses pendientes ante el Tribunal Superior se referirían al Tribunal Supremo. Este artículo fue enmendado por la Ley 248, supra, para que dichos recursos se refirieran al Tribunal de Circuito de Apelaciones. Tanto el tomo pertinente de las Leyes de Puerto Rico como el texto codificado de la enmienda contienen un error. Se omite la última parte de la primera oración y el comienzo de la segunda, a saber: "... al Tribunal de Circuito de Apelaciones todos los recursos referidos." A los fines de ilustrar el error, copiamos a continuación el texto de dicho precepto tal y como aparece en el texto de las Leyes de Puerto Rico y según aparece codificado:

"23f. Asuntos pendientes; jurisdicción apelativa abolida del Tribunal Superior; jurisdicción original del Tribunal Superior y [djel Tribunal Supremo

(a) Todo recurso de revisión pendiente ante la consideración del Tribunal Superior sobre decisiones de agencias administrativas, dentro de su jurisdicción apelativa, deberá resolverse dentro del término de seis (6) meses a partir de la aprobación de este Capítulo; disponiéndose, que una vez transcurrido dicho término los asuntos pendientes se referirán para su trámite y resolución al Tribunal Supremo de conformidad con el texto original de este inciso [y] permanecerán en el Tribunal Supremo hasta que sean resueltos finalmente.

(bi-

fe)...

(d)...

2. "§2102 - Definiciones

*694
A los efectos de este Capítulo los siguientes términos o frases tendrán el significado que a continuación se expresa:

(а) "Agencia" significa cualquier junta, cuerpo, tribunal, junta examinadora, corporación pública, comisión, oficina independiente, división, administración, negociado, departamento, autoridad, funcionario, persona, entidad o cualquier instrumentalidad del Estado Libre Asociado de Puerto Rico u organismo administrativo autorizado por ley a llevar a cabo funciones de reglamentar, investigar, o que pueda emitir una decisión, o con facultades para expedir licencias, certificados, permisos, concesiones, acreditaciones, privilegios, franquicias, acusar o adjudicar, excepto:

"(1) El Senado y la Cámara de Representantes de la Asamblea Legislativa

(2) La Rama Judicial

(3) La Oficina Propia del Gobernador

(4) La Guardia Nacional de Puerto Rico

(5) Los gobiernos municipales o sus entidades o corporaciones

(б) La Comisión Estatal de Elecciones

(7)El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos

(8)La Comisión para la Celebración del Quinto Centenario del Descubrimiento de América y de Puerto Rico".